UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20017-CIV-SEITZ/MCALILEY

BENJAMIN BOOKS & PRODUCTION, et al.,

       Plaintiffs,

v.

TRINIDAD & TOBAGO GOVERNMENT, et al.,

       Defendants.
_____/

**ORDER ON DEFENDANT TRINIDAD & TOBAGO'S MOTION FOR CONDITIONAL ACCEPTANCE OF SERVICE OF PROCESS AND FOR A 60-DAY STAY**

THIS MATTER is before the Court on the motion of Defendant Trinidad & Tobago Government ("Trinidad") [DE 7] for Conditional Acceptance of Service of Process and for a 60-Day Stay. Plaintiffs Benjamin Books & Production and Jeff Benjamin bring this action for breach of contract against Defendants Trinidad, BWIA Airlines and Carribean Airlines.[1] The Court has considered the motion, Plaintiffs' response and for the reasons discussed below, grants the motion.

By way of special appearance, Trinidad states that contrary to Plaintiff's allegations, Plaintiff has not properly served Trinidad under the Foreign Service Immunity Act ("FSIA"), 28 U.S.C. § 1608.[2] Section 1608 provides that

> Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

---

[1] Plaintiff Jeff Benjamin appears to be representing himself and Benjamin Books & Production. However, because the latter is a corporation, it is required to be represented by its own counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F. 2d 1381, 1385 (11th Cir. 1985) (holding that in the Eleventh Circuit, "[t]he rule is well-established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"). Further, this general rule applies even where a high-ranking officer, such as a president or a majority stockholder, is available to represent the corporation. *Id*. Thus, Plaintiff Benjamin Books & Production must obtain counsel. As to Plaintiff Jeff Benjamin, a form entitled Instructions to *Pro Se* Litigant is being entered simultaneously with this Order. *Pro se* Plaintiff Benjamin must comply with these instructions.

[2] On April 11, 2007, Plaintiffs filed a Notice to the Court of Proof of Service stating that Trinidad had been served at its embassy in Washington DC and at its Parliament in Trinidad and Tobago.

    (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
    (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
    (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

Moreover, § 1608(d) specifically states that "[i]n any action brought in a court of the United States or of a State, a foreign state . . . shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section." Here, Plaintiff does not dispute that Trinidad has not been served in the manner required by § 1608. In fact, the parties appear to have attempted to negotiate Trinidad's voluntary acceptance of service of process by drafting a "Pracipe for Acceptance of Service and Unopposed Request to Adjourn Deadlines Until After Trinidad is Required to Respond to Complaint ('Draft Pracipe')." (*See* Plaintiffs' Response, Exh. 1A.) In an unexecuted version of the Draft Pracipe, Trinidad stated that it was amenable to service of process by voluntary agreement if it is given 60 days to respond to the Complaint as it would receive under § 1608. The parties also requested that the deadline for submission of the Joint Scheduling Report be extended until after Trinidad has responded.

It appears that the parties were unable to reach an agreement on the Draft Pracipe because the parties never submitted a final version to the Court, and instead Trinidad moved for a "Conditional Acceptance of Service of Process and for a 60-Day Stay." In its motion, however, it seeks the equivalent relief detailed in the Draft Pracipe, i.e., that it will waive any defect in service of process on the condition that "all deadlines in this case be suspended for the 60-day period that the FSIA affords Trinidad for responding to the Complaint." Plaintiffs responded stating that the proposed order submitted by Trinidad is not the document agreed upon by the parties. However, it appears that the relief agreed upon in the

Draft Pracipe and the relief sought in Trinidad's motion is identical.[3]

Therefore, it is hereby

ORDERED that

(1)     Defendant Trinidad's Motion for Conditional Acceptance of Service of Process and for a 60-Day Stay [DE 7] is GRANTED.

(2)     The Government of Trinidad and Tobago shall be deemed served by special arrangement with the Court as of the date of this Order.  Trinidad shall respond to the Complaint by **July 16, 2007**.

(3)     The parties shall file their Joint Scheduling Report by **July 25, 2007**.

(4)     If Plaintiff Benjamin Books & Production desires to remain a part of this action, it must obtain proper representation by **June 12, 2007**.

DONE AND ORDERED at Miami, Florida, this 15th day of May, 2007.

*[signature]*

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:

Counsel of Record
Jeff Benjamin, *pro se*

---

[3] In their response, Plaintiffs state that the Defendants "knowingly attempts to mislead and deceive plaintiff and the court in their motion for Conditional Acceptance." (Response at 1.)  Specifically, it appears that Plaintiffs allege that Trinidad attempted to file a document with the Court that the parties had not agreed to in lieu of one that had been agreed upon.  The parties' handling of this issue suggests to the Court that they may have lost sight of the high level of cooperation that the Court knows they are capable of and which the Court expects they will exhibit at all times.  Failure to assist the Court in resolving minor disputes that are a waste of the Court's judicial resources may result in sanctions.