UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20017-CIV-SEITZ/O'SULLIVAN

-----------------------------------------------------------------x

JEFF BENJAMIN and
BENJAMINBOOKS & PRODUCTION,

          Plaintiffs,

- against -

BWIA AIRLINES (aka BWEE), and
CARIBBEAN AIRLINES,

          Defendants.
-----------------------------------------------------------------x

### DEFENDANTS BWIA WEST INDIES AIRWAYS LIMITED AND CARIBBEAN AIRLINES LIMITED'S MOTION FOR RULE 11 SANCTIONS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants BWIA West Indies Airways Limited (sued incorrectly herein as "BWIA AIRLINES (aka BWEE)" and hereinafter "BWIA") and Caribbean Airlines Limited (sued incorrectly herein as "CARIBBEAN AIRLINES" and hereinafter "CAL") respectfully submit this Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure seeking an award of attorneys' fees and costs associated with BWIA and CAL's defense of this litigation due to plaintiffs' perpetration of a fraud upon the Court. The substance of the fraud is that: 1) plaintiff Jeff Benjamin knowingly created a false email "contract" which was attached as an exhibit to the Amended Complaint; 2) plaintiff Jeff Benjamin knowingly fabricated a letter from BWIA to validate the fraudulent contract and that letter was also attached as an exhibit to the Amended Complaint; and 3) plaintiff Jeff Benjamin then perjured himself at his deposition by testifying that the email contract and letter had been sent to him by BWIA. In their support,

Defendants submit the following Memorandum of Law citing to the relevant portions of the record.

## MEMORANDUM OF LAW

This action arises from the alleged breach of an alleged contract between plaintiff Jeff Benjamin and BWIA. The purported contract was allegedly contained in an exchange of emails between plaintiff Jeff Benjamin and BWIA in January 2004. Discovery has shown that the alleged email contract and letter from BWIA attached to plaintiffs' Amended Complaint are fictitious and fraudulent documents and that the testimony by plaintiff Jeff Benjamin concerning the email and interaction with BWIA was deliberately false. Accordingly, defendants now move for Rule 11 sanctions because: 1) plaintiffs have filed, and caused to be filed, false documents with the Court; 2) plaintiff Jeff Benjamin repeatedly perjured himself at the deposition; and 3) plaintiffs have pursued this litigation knowing that their claim is without merit.

## SUMMARY OF PLEADINGS

On January 25, 2007, plaintiffs Jeff Benjamin and a fictitious business, Benjaminbooks & Production,[1] commenced an action in this Court, *pro se*, against Trinidad and Tobago Government, BWIA, and CAL alleging breach of contract and fraud. See Plaintiffs' Complaint, Exhibit "1" hereto. The Complaint alleged that plaintiffs entered into a US $4 million contract with BWIA to advertise and market BWIA in a book, "Juvenile Injustice," and in a movie, "The Chicago Story." See id. Plaintiffs' Complaint at p. 2.

After retaining counsel, plaintiffs filed an Amended Complaint on August 24, 2007 against only BWIA and CAL alleging breach of contract. See Plaintiffs' Amended Complaint, Exhibit "2" hereto. The claims against the Government of Trinidad and Tobago have been

---

[1] By Order dated May 21, 2008, this Court dismissed the claims of plaintiff

voluntarily dismissed. See Notice of Voluntary Dismissal served July 17, 2007, Exhibit "3" hereto. The breach of contract claim in the Amended Complaint is based upon an alleged email contract between plaintiff Jeff Benjamin and BWIA, allegedly entered into in January 2004. See Exhibit "A" attached to the Amended Complaint, Exhibit "2" hereto.

This alleged email contract provided that plaintiff Benjaminbooks would be paid $4 million to promote BWIA in an advertising campaign including a book tour and movie. See id. Also attached to the Amended Complaint is a letter allegedly from Catherine Ammon of BWIA's Customer Relations Department stating that: "Please be advised that your 1st installment for the sum of ($2,000,000 US Dollars) will be mailed within the next month with the second installment within six months." See Exhibit "B" attached to the Amended Complaint, Exhibit "2" hereto.

## SUMMARY OF FACTS

In December 2003 plaintiff Jeff Benjamin self-published a book entitled "Juvenile Injustice," which describes the wrongful arrests of two children for the murder of a young girl in Chicago. See Transcript of plaintiff Benjamin's deposition, Exhibit "4" hereto, at p. 34, lines 15-18. An endpaper in the book contained a reference to "B.W.I.A [sic] AIRLINES." See id. at p. 28, lines 21-25, p. 29, lines 1-8; see also Plaintiffs' Complaint at Exhibit "1a", Exhibit "1" hereto; Declaration of Nelson Tom Yew ("Tom Yew Declaration") dated May 22, 2008, Exhibit "1" thereto. A proposed movie based on the book was never made. See Benjamin's Deposition at p. 80, lines 4-10, Exhibit "4" hereto.

On January 22, 2004, plaintiff Jeff Benjamin sent an email to Mr. Nelson Tom Yew, BWIA General Manager in Piarco, Trinidad, advising of the reference to BWIA in the book. See

Benjaminbooks and Production without prejudice.

Declaration of Simon B. Fabien ("Fabien Declaration") dated May 5, 2008, Exhibit "1". Mr. Tom Yew responded by email on January 27, 2004, congratulating plaintiff Jeff Benjamin on his achievements. See Exhibit "1" attached to the Fabien Declaration; see also Tom Yew Declaration at ¶¶ 21, 22. This email exchange in January 2004 made no mention of a contract between plaintiffs and BWIA and, indeed, plaintiff Jeff Benjamin made clear in his email to Mr. Yew that the "advertisement" had already been included in his book. See Exhibit "1" to the Fabien Declaration. As General Manager for BWIA, Mr. Tom Yew would not have entered into any contract without approval from BWIA's corporate Legal Department. See Tom Yew Declaration at ¶¶ 6-9. No other email or any other type communication was ever sent from BWIA to plaintiff Jeff Benjamin. See Fabien Declaration at ¶¶ 13, 16.

Although plaintiff Jeff Benjamin has testified that he had numerous email exchanges with Mr. Tom Yew, plaintiffs have not produced copies of such alleged emails. Additionally, although plaintiff Jeff Benjamin allegedly sent demand letters to BWIA requesting payment based upon the terms of an alleged contract, plaintiffs have not produced copies of any such letters. Plaintiff Jeff Benjamin never met with Mr. Tom Yew or any other BWIA representatives regarding any alleged contract to promote BWIA. See Benjamin Deposition at p. 43, lines 1-19, p. 88, lines 6-23, Exhibit "4" hereto.

## SUMMARY OF ARGUMENT

Plaintiffs' breach of contract claim against BWIA and CAL is based upon a fictitious and fraudulent document--specifically an alleged email exchange between plaintiff Jeff Benjamin and Nelson Tom Yew of BWIA in January 2004 containing the terms of an advertising contract.

The proof submitted in support of this motion clearly demonstrates that plaintiff Jeff Benjamin is perpetrating a fraud upon the Court by submitting fictitious and fraudulent

documents and providing false testimony in support of plaintiffs' breach of contract claim. The text of the actual email exchange between plaintiff Jeff Benjamin and Mr. Tom Yew in January 2004 makes no reference to any advertising contract and, indeed, there never was any such contract. Plaintiffs have manufactured a letter from Ms. Catherine Ammon, BWIA Customer Relations, in an attempt to validate the fraudulent text of the January 2004 email exchange. Continuing the scheme to perpetrate a fraud upon the Court, plaintiff Jeff Benjamin gave false deposition testimony about his contacts with BWIA and the contents of the January 2004 emails. Accordingly, BWIA and CAL, pursuant to Rule 11, seek reasonable attorneys' fees and costs incurred in defending this legally and factually baseless litigation.

## ARGUMENT

### PLAINTIFFS ARE PERPETRATING A FRAUD UPON THIS COURT

Rule 11 of the Federal Rules of Civil Procedure empowers district courts with the authority to impose sanctions on attorneys or unrepresented parties for filing papers for any improper purpose or where a claim is legally and factually baseless. Specifically, Rule 11(b) states:

> **(b)** **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery; . . .

By signing a document filed with the Court, a party certifies the accuracy of the document and Rule 11 imposes "an affirmative duty" on the signing party "to conduct a reasonable inquiry into the facts and the law before filing." Business Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc., 498 U.S. 533, 551 (1991). The "central purpose" of Rule 11 is to deter baseless filings. See Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 393 (1990). Determining whether sanctions should be awarded is a decision that rests with the discretion of the district court. See Donaldson v. Clark, 819 F.2d 1551, 1557 (11th Cir. 1987).

In Worldwide Primates, Inc. v. McGreal, the Eleventh Circuit reversed a district court's denial of a motion for Rule 11 sanctions because plaintiff pursued its claim "when it knew, or should have known, that its claim was legally and factually baseless." 26 F.3d 1089, 1093 (11th Cir. 1994). The plaintiff commenced an action alleging "tortuous interference with an advantageous business relationship" after the defendant wrote two critical letters to plaintiff concerning plaintiff's relationship with a client. See id. at 1089. The defendant removed the action to federal court and moved for dismissal pursuant to 12(b)(6), which plaintiff opposed, and the motion was denied. See id. at 1090. The defendant later moved for summary judgment, which plaintiff failed to timely oppose, and defendant requested a default. See id. at 1091. The plaintiff, however, then moved to voluntarily dismiss the case under Rule 41(a)(2) and the district court granted the motion, over defendant's objection, and dismissed the action. Prior to the dismissal, the defendant moved for Rule 11 sanctions arguing that the action had been commenced to harass defendant and that the lawsuit was legally and factually baseless; the district denied the motion. See id.

On appeal, the Eleventh Circuit explained that plaintiff Worldwide Primates knew from the outset of the litigation that its business relationship had not been harmed by the defendant's letters.

6

See id. at 1091-92. With this knowledge, plaintiff opposed defendant's motion to dismiss and pursued the litigation when it "could not reasonably have believed, as required by Rule 11, that its claim was well grounded in fact or law." See id. at 1093. Accordingly, the court reversed the denial of defendant's Rule 11 motion. See id.; see also Bernal v. All Amer. Investment Realty, Inc., 479 F. Supp.2d 1291 (S.D. Fla. 2007) (Seitz, J.) (imposing monetary sanctions after various forms of misconduct by defendants and defense counsel).

Here, plaintiffs commenced this litigation by filing a Complaint alleging breach of contract and fraud. See Plaintiffs' Complaint, Exhibit "1" hereto, at ¶ A. The claims asserted were baseless and known to be false at the time the Complaint was filed. After retaining counsel, plaintiffs continued their perpetration of a fraud upon the Court by providing their counsel with fraudulent documents, namely a fictitious email exchange between plaintiff Benjamin and BWIA and a manufactured letter from BWIA, which were then attached to the Amended Complaint. See Exhibits "A" and "B" to Plaintiffs' Amended Complaint, Exhibit "B" hereto. These documents were submitted in an attempt to substantiate their baseless claims. Compounding the fraudulent filings with the Court, plaintiff Benjamin was deposed on January 14, 2008, and provided false testimony as to the fictitious documents and his contacts with BWIA. See e.g. Benjamin Deposition, Exhibit "D" at pp. 44-46, 51. These direct actions by plaintiffs were done to pursue a baseless action in federal court.

### A.  The January 2004 Email Exchange

After the deposition of plaintiff Jeff Benjamin, a search for the email communication between BWIA and Jeff Benjamin was undertaken in Piarco, Trinidad by CAL. Simon Fabien, the Senior Systems Engineer: IT Engineering for CAL, first located the computer hard drive that stored email communications involving former BWIA General Manager Nelson Tom Yew. See Fabien

Declaration at ¶¶ 10-11. Upon locating the computer, Mr. Fabien searched the hard drive and was able to locate each email sent from Mr. Tom Yew's computer. See id. at ¶ 12. This search revealed only one (1) email from Mr. Tom Yew to plaintiff Jeff Benjamin on January 27, 2004 11:46 AM, which simply read:

> Dear Mr. Benjamin,
>
> Congratulations on your outstanding achievements! Thank you for taking the initiative to highlight BWIA on your business website and for wanting to give our airline further exposure. In this connection, I have forwarded your email to Mrs. Beatrix Carrington, our Vice President – Marketing & Sales for attention, and she will provide direct feedback.
>
> Good luck with your upcoming book promotion tour.

See Fabien Declaration at ¶ 15 and Exhibit "1" thereto. This is the only email to plaintiff Jeff Benjamin that exists on the hard drive of the computer used by Mr. Tom Yew. See Fabien Declaration at ¶ 18. This congratulatory email was sent in response to an email from plaintiff Jeff Benjamin that advised Mr. Tom Yew of the publication of "Juvenile Injustice," the promotion of BWIA in the book and book tour, and a planned visit by Jeff Benjamin to Trinidad. See id. at ¶ 16.

At no time was any written agreement entered between plaintiff Jeff Benjamin and either BWIA or CAL. In 2004, all contracts involving BWIA would be handled and approved by the BWIA corporate Legal Department. See Tom Yew Declaration at ¶¶ 6-9. Only after the Legal Department approved any contract would Mr. Tom Yew sign the document. See id. at ¶ 7. As explained by Mr. Tom Yew, the notion that he would enter into a $4 million contract with a man whom he never met, from Ohio (a state that BWIA did not serve), to promote and advertise travel on BWIA in connection with a book about a murder in Chicago (another destination BWIA did not serve), when the airline was in dire financial circumstances, is completely without merit. See id. at ¶¶ 14, 17. Upon finding the true email exchange between plaintiff Jeff Benjamin and Mr. Tom

8

Yew, BWIA and CAL were able to confirm that the document submitted in support of plaintiffs' breach of contract claim was fraudulent.[2]

**B.  The Manufactured May 18, 2006 Letter From BWIA**

Attached to the Amended Complaint is a purported letter from Catherine Ammon of BWIA to plaintiff Jeff Benjamin dated May 18, 2006. See Exhibit "B" to the Amended Complaint, Exhibit "2" hereto. This letter appears to be a response to plaintiff Jeff Benjamin's request for payment pursuant to the terms of the fictitious email in January 2004.

In May 2006, Ms. Ammon was employed by the BWIA Customer Relations Department in Piarco, Trinidad and was responsible for handling customer complaints. See Declaration of Catherine Ammon ("Ammon Declaration") dated May 6, 2008, at ¶¶ 3, 4. Ms. Ammon unequivocally denies writing the May 18, 2006 letter to Mr. Benjamin and has identified numerous stylistic errors in the letter. See id. at ¶¶ 6, 9-16, 25. Moreover, the subject matter of the letter, payment on a contract, was not a job responsibility handled by Ms. Ammon in her position with BWIA. See id. at ¶ 8.

Ms. Ammon, however, has confirmed that on May 22, 2006 she did write a letter to plaintiff Jeff Benjamin's representative, Mr. Souliman Basir, to resolve a claim plaintiff Jeff Benjamin had against BWIA. See id. at ¶¶ 17, 24. To resolve the claim, BWIA provided plaintiff Jeff Benjamin with a Transportation Voucher as explained in the May 22, 2006 letter. See id. at ¶ 22. The May 22, 2006 letter would have been printed directly from Ms. Ammon's computer onto BWIA stationery. See id. at ¶ 23.

---

[2]  Upon discovering the original email exchange between plaintiff Jeff Benjamin and BWIA from January 2004, counsel for BWIA and CAL met with plaintiffs' counsel and provided copies of the original January 2004 emails. Shortly thereafter plaintiffs' counsel withdrew from this litigation.

9

After receiving the May 22, 2006 letter, plaintiff Jeff Benjamin had in his possession a letter on BWIA stationery with the signature of Catherine Ammon.

### C.     Plaintiff Benjamin's Deposition Testimony.

Plaintiffs have compounded their fraudulent scheme by plaintiff Jeff Benjamin giving false deposition testimony in which he continued to allege that the fictitious email was sent by Mr. Tom Yew. During his deposition, Benjamin testified that the email dated January 27, 2004, was the only document supporting the breach of contract claim and that any additional alleged emails supporting his claims against the defendants were apparently discarded by him before this litigation began.

> Q:   [Defense counsel]   Exhibit 4, which you have identified as the contract you have had between yourself and BWIA, am I describing that correctly, this is the document Exhibit 4, which you say is the contract you had between yourself and BWIA. Is that correct?
>
> A:   [Plaintiff Jeff Benjamin] That is correct.
>
> Q:   All right. Is there any other document that you're aware of which evidences this contract?
>
> A:   That is the agreement.
>
> Q:   This is the only contract you had?
>
> A:   Yes, sir.
>
> Q:   And Exhibit 4 is an e-mail which appears to be to you from the GM's office at BWIA dated 27 January 2004.
>
> A:   That is correct.

See Benjamin Deposition at p. 45, lines 10-17, Exhibit "4" hereto. As for the content of the January 27 email allegedly sent from Mr. Tom Yew, plaintiff Jeff Benjamin testified that he could not explain some of the legal language contained therein. See Exhibit "4" hereto at p. 45, lines 10-21,

p. 52, lines 4-14.[3]

Plaintiff Jeff Benjamin also testified that the text of the BWIA "advertisement" had been provided by Mr. Tom Yew:

> Q: [Defense counsel] At any time before the publication of Exhibit 2 [plaintiffs' book "Juvenile Injustice"] did BWIA ever approve the page which we have marked as Exhibit 2-A [the purported BWIA advertisement]?
>
> A: [Plaintiff Jeff Benjamin] Yes, sir.
>
> Q: How did they approve it?
>
> A: Mr. Nelson Tom Yew did.
>
> Q: Did you fax him a draft of it?
>
> A: He forwarded that information to me.
>
> Q: How?
>
> A: Via an e-mail.
>
> Q: Do you have it?
>
> A: No, sir. I don't.
>
> * * *
>
> Q: Did BWIA approve in any way the insertion of this Exhibit 2-A, or the text reflected on that one page?
>
> A: Yes.
>
> Q: And that was done by who?
>
> A: That information was sent to me from BWIA.
>
> Q: Any particular individual?
>
> A: Yes, sir. Mr. Nelson Tom Yew.

---

[3] Plaintiff Jeff Benjamin did attend one year of law school at Ohio State University, Moritz

11

See Benjamin Deposition at p. 50, lines 24-25, p. 51, lines 1-10, p. 112, lines 1-7, Exhibit "4" hereto. Plaintiff Jeff Benjamin's claim that Mr. Tom Yew provided the content of the "advertisement" is without merit. First, the advertisement incorrectly identifies BWIA as "B.W.I.A [sic] AIRLINES," which was never the carrier's name. See Tom Yew Declaration at ¶ 25. This advertisement identifies cities which BWIA did not serve. See id. at 26. Moreover, the only email ever sent by Mr. Tom Yew to plaintiff Jeff Benjamin was the congratulatory email sent on January 27, 2004. See Fabien Declaration at ¶ 15-18.

The proof on this motion overwhelmingly confirms that plaintiff Jeff Benjamin perjured himself during his deposition and manufactured this breach of contract claim by fabricating the content of the email communication from Mr. Tom Yew sent on January 27, 2004 and a purported response letter from Catherine Ammon concerning payment on the fictitious contract.

Courts faced with similar serious misconduct have dismissed actions and awarded attorneys' fees and costs pursuant to Rule 11. See e.g. Kojis v. Equifax Credit Info. Srvcs., 2004 WL 1005664, No. 02 C 8428 (N.D. Ill. May 6, 2004) (dismissing plaintiffs' action and awarding attorneys' fees and costs where plaintiff fabricated evidence to support their claims); Pope v. Fed. Express Corp., 138 F.R.D. 675, 683 (W.D. Mo. 1990) (dismissing one of plaintiff's claims upon learning that plaintiff had fabricated evidence), aff'd in relevant part, 974 F.2d 982 (8th Cir. 1992); Gilmer v. Colo. Inst. of Art, 12 Fed. Appx. 892, 2001 WL 686406 (10th Cir. 2001) (affirming the district court's decision to dismiss plaintiff's complaint because she fabricated evidence).

Plaintiffs' conduct was willful and constituted a pattern of behavior that forced defendants to defend this litigation since its inception and, thus, Rule 11 sanctions are warranted.

---

Law School. See Benjamin Deposition at p. 8, lines 11-25, p. 9, lines 1-13, Exhibit "4".

## CONCLUSION

Based upon the foregoing, the motion of defendants BWIA West Indies Airlines Limited and Caribbean Airlines Limited for sanctions pursuant to Rule 11 should be granted in its entirety, and an Order entered awarding attorneys' fees and costs incurred since the inception of this litigation, together with such other and further relief that this Court deems just and proper.

Respectfully submitted,

Robert C. Owens (Florida Bar No. 273988)
Attorney Email Address: bobowens@avlaw.com
ROBERT C. OWENS, P.A.
6630 SW 50th Terrace
Miami, Florida 33155
Telephone: 305-669-9263
Facsimile: 305-662-7151

Co-Counsel:

CONDON & FORSYTH LLP
Stephen J. Fearon (*pro hac vice*)
sfearon@condonlaw.com
John Maggio (*pro hac vice*)
jmaggio@condonlaw.com
7 Times Square
New York, New York 10036
Telephone: 212-490-9100

Attorney for Defendants:
BWIA WEST INDIES AIRWAYS LIMITED and
CARIBBEAN AIRLINES LIMITED

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Robert C. Owens

## SERVICE LIST

Jeff Benjamin, et al versus BWIA Airlines (aka BWEE), et al

CASE NO. 07-20017-CIV-SEITZ/O'SULLIVAN

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

JEFF BENJAMIN
BENJAMINBOOKS & PRODUCTION
2462 SW 26 Lane
Miami, Florida 33133
Pro Se Plaintiff
U.S. Mail and Hand Delivery