UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20017-CIV-SEITZ/O'SULLIVAN

JEFF BENJAMIN,

        Plaintiff,

v.

BWIA AIRLINES and
CARIBBEAN AIRLINES,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants BWIA West Indies Airways Limited and Caribbean Airlines Limited's Motion for Rule 11 Sanctions (DE# 51, 6/23/08). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having carefully considered the filings and applicable law, the undersigned recommends that Defendants BWIA West Indies Airways Limited and Caribbean Airlines Limited's Motion for Rule 11 Sanctions (DE# 51, 6/23/08) be **GRANTED** in accordance with the following Report and Recommendation.

## BACKGROUND

Jeff Benjamin (hereinafter "plaintiff") commenced this action in January 2007 by filing a complaint against BWIA Airlines and Caribbean Airlines (hereinafter

"defendants" or "BWIA")[1] for breach of contract and fraud. The plaintiff alleged in his initial complaint that in 2002 Benjaminbooks & Production (hereinafter "Benjaminbooks"),[2] entered into a contract with the defendants to advertise and market BWIA in the plaintiff's book and movie. Id. at 2. According to the plaintiff, BWIA agreed to pay the plaintiff $4 million to promote the airline. Id. The plaintiff further alleged that "Benjaminbooks . . . proceeded on international tours to Europe, China, Japan, Singapore and Indonesia with B.W.I.A. providing brochures and B.W.I.A. souvenirs for distribution. Including interviews on Court TV, CBS and MSNBC." Id. The plaintiff claims that he received no payment from BWIA for his work. Id.

On September 4, 2007, the plaintiff filed an Amended Complaint for Breach of Contract (DE# 34, 9/4/07). The Amended Complaint alleged that the plaintiff negotiated with BWIA to assist the plaintiff in raising funds to publish and promote the book. Id. at 2. The Amended Complaint included an email (Exhibit A) dated January 27, 2004 purportedly from Nelson Tom Yew, then general manager of BWIA, to the plaintiff detailing the agreement between the plaintiff and BWIA. Exhibit B of the Amended

---

[1] The government of Trinidad & Tobago was initially a defendant in this lawsuit. On July 17, 2007, the plaintiff filed a notice of voluntary dismissal as to the government of Trinidad & Tobago. See Notice (DE# 19, 7/17/07). The Court issued an Order dismissing this defendant on July 19, 2007. See Order Dismissing Defendant Government of Trinidad & Tobago (DE# 20, 7/19/07).

[2] Benjaminbooks is a fictitious name under which the plaintiff conducts business. See Amended Complaint (DE# 34 at 1, 9/4/07). Benjaminbooks was a plaintiff in this lawsuit. This action was initiated by the plaintiff pro se. The plaintiff obtained counsel on June 13, 2007. On March 24, 2008, the Court permitted the plaintiff's counsel to withdraw. See Order (DE# 42, 3/24/08). On May 21, 2008, the Court dismissed without prejudice the claims of Benjaminbooks because it failed to obtain new counsel. See Order (DE# 46, 5/22/08).

Complaint purports to be a letter on BWIA letterhead from Catherine Ammon, a Customer Relations Supervisor for BWIA, to the plaintiff dated May 18, 2006. Id. at Exhibit B. The letter states in part: "Please be advised that your 1st installment for the sum of ($2,000,00 US Dollars) will be mailed within the next month with the second installment within six months." Id. at Exhibit B. The Amended Complaint alleges that the plaintiff did not receive this payment. Id. at 2.

On June 2, 2008, the defendants moved to dismiss the Amended Complaint (DE# 34) alleging that the plaintiff was attempting to perpetrate fraud upon the Court by fabricating evidence and providing false testimony under oath. See Defendants BWIA West Indies Airways Limited and Caribbean Airlines Limited's Motion for Involuntary Dismissal Pursuant to Fed. R. Civ. P. 41(b) and Memorandum of Law in Support Thereof (DE# 47, 6/2/08). Specifically, the defendants alleged that:

> 1) plaintiff Jeff Benjamin knowingly created a false email "contract" which was attached as an exhibit to the Amended Complaint; 2) plaintiff Jeff Benjamin knowingly fabricated a letter from BWIA to validate the fraudulent contract, and that letter was also attached as an exhibit to the Amended Complaint; and 3) plaintiff Jeff Benjamin then perjured himself at his deposition by testifying that the email contract and letter had been sent to him by BWIA.

Id. at 1. The defendants also moved for sanctions against the plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. See Defendants BWIA West Indies Airways Limited and Caribbean Airlines Limited's Motion for Rule 11 Sanctions and Memorandum of Law in Support Thereof (DE# 51, 6/23/08).[3] The defendants' Rule 11

---

[3] The defendants served a copy of their motion for Rule 11 sanctions on the plaintiff on June 2, 2008 and filed their motion 21 days later pursuant to Rule 11's safe harbor provision. Fed. R. Civ. P. 11(c)(2).

motion was premised on the same ground as the defendants' motion to dismiss (DE# 47).

On July 14, 2008, the undersigned issued an Order (DE # 52) requiring the plaintiff to respond to Defendants BWIA West Indies Airways Limited and Caribbean Airlines Limited's Motion for Rule 11 Sanctions and Memorandum of Law in Support Thereof (DE# 51, 6/23/08) on or before August 4, 2008. The Order informed the plaintiff that the failure to file the subject response may result in a recommendation that the Defendants BWIA West Indies Airways Limited and Caribbean Airlines Limited's Motion for Rule 11 Sanctions and Memorandum of Law in Support Thereof (DE# 51, 6/23/08) be granted in its entirety. Id.

On July 24, 2008, the plaintiff filed a document entitled "And Now Comes Jeff Benjamin Offering His Response to Defendant" (DE# 54, 7/24/08). In this document (DE# 54), the plaintiff makes blanket statements that he did not violate Rule 11 and that he acted in good faith. Id. at 2. The plaintiff further advises the Court that for economic reasons he wishes for this case to be dismissed without prejudice so he can proceed with this litigation in Trinidad and Tobago. Id. at 2, 4 - 5. With respect to the defendants' allegations that the plaintiff's evidence is fabricated, the plaintiff cites to Rules 702 and 703 of the Federal Rules of Evidence and states that the issue will be decided by the jury. Id. at 3. On July 28, 2008, the defendants filed their reply. See Defendants BWIA West Indies Airways Limited and Caribbean Airlines Limited's Reply Memorandum of Law in Further Support of Their Motions for Involuntary Dismissal and Rule 11 Sanctions (DE# 55, 7/28/08).

On July 30, 2008 the plaintiff filed a second memorandum entitled Response to

Defendant's Memorandum of Law Statement of Facts with Supporting Evidence Which Is Indisputable (DE# 56, 7/30/08).[4] It is unclear whether this document (DE# 56) was filed in response to the instant motion for Rule 11 sanctions. The plaintiff's response does not indicate which of the defendants' memoranda he is responding to. Nonetheless, the undersigned will consider the arguments raised therein.

On January 13, 2009, the Court issued its Order Granting Defendants' Motion for Involuntary Dismissal with Prejudice (DE# 78, 1/13/09). The Court dismissed the Amended Complaint finding that "there [wa]s clear and convincing evidence that the documents on which [the plaintiff's] claims rely [we]re clearly fabricated . . . ." Id. at 1-2.

## ANALYSIS

The defendants seek sanctions against the plaintiff under Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b) states as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

---

[4] The plaintiff's response was inadvertently filed a second time as docket entry 57.

>after a reasonable opportunity for further investigation or discovery; and
>
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 applies to pro se litigants. "Although typically levied against an attorney, a court is authorized to issue Rule 11 sanctions against a party even though the party is neither an attorney nor the signor of the pleadings." Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) (citing Souran v. Travelers Ins. Co., 982 F.2d 1497, 1508, n. 14 (11th Cir. 1993)). The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001).

The Eleventh Circuit has determined that three types of conduct warrant Rule 11 sanctions: when a party files a pleading with no "reasonable factual basis," files a paper based on a legal theory with "no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law," or files a paper in "bad faith for an improper purpose." Didie v. Howes, 988 F.2d at 1104 (quoting Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir.), cert. denied, 502 U.S. 855 (1991)). "Sanctions may be imposed on the attorney, law firm, or party if Rule 11 is violated, the offending party is provided with an opportunity to withdraw the objectionable pleading and fails to do so, and a motion for sanctions is filed with the court." Lee v. Mid-State Land & Timber Co., Inc., 285 Fed. Appx. 601, 608 (11th Cir. 2008) (citing Fed. R. Civ. P. 11(c)). "A court confronted with a motion for Rule 11 sanctions must first determine whether the claims raised are objectively frivolous and, if they are, whether the signer of the

6

pleadings should have been aware of their frivolous nature." Id. (citing Worldwide Primates, Inc. v. McGreal, 87 F. 3d 1252, 1254 (11th Cir. 1996)).

Here, the defendants seek Rule 11 sanctions against the plaintiff based on the plaintiff's alleged fabrication[5] of evidence and false deposition testimony. See Defendants BWIA West Indies Airways Limited and Caribbean Airlines Limited's Motion for Rule 11 Sanctions (DE# 51 at 1, 6/23/08). In support of their motion for sanctions, the defendants submit the declarations of Nelson Tom Yew and Catherine Ammon, the purported authors of Exhibits A and B to the Amended Complaint, as evidence that the documents were fraudulent. See Defendants' Notice of Filing Declarations in Support of Motion for Involuntary Dismissal and Rule 11 Sanctions (DE# 48, 6/2/08). The defendants also relied on the declaration of Simon Fabien, an information systems service manager. See Declaration of Simon Fabien (DE# 48-3, 6/2/08). Mr. Fabien conducted a search of Mr. Yew's computer for any email communications with the plaintiff. Mr. Fabien's search revealed one email from the plaintiff to Mr. Yew dated January 22, 2004 and Mr. Yew's response on January 27, 2004. Id. at Exhibit 1.

In his declaration, Mr. Yew denied entering into a $4 million advertising contract with the plaintiff. Specifically, Mr. Yew stated that legal matters including any contracts were handled by BWIA's legal department. See Declaration of Nelson Tom Yew (DE# 48-2, 6/2/08). Mr. Yew did not sign contracts that were not approved by the legal

---

[5] The Court has already found by clear and convincing evidence that the documents submitted by the plaintiff were fabricated. See Order Granting Defendants' Motion for Involuntary Dismissal with Prejudice (DE# 78 at 10-11, 1/13/09). The Court found that it was unclear whether the plaintiff himself fabricated the evidence. Id. at 14.

department. Id. Mr. Yew further stated that he did not recall sending an email to the plaintiff for a $4 million contract to advertise and market BWIA in a book and movie. Id. at 2. Mr. Yew noted that at the time the $4 million contract was purportedly entered into BWIA was in "dire financial circumstance and was unable to make timely payments on aircraft leases, and other financial obligations." Id. Moreover, BWIA's entire advertising budget for 2004 was approximately $2 million. Id. at 3.

Mr. Yew reviewed the advertisement that was placed in the plaintiff's book. Mr. Yew denied ever sending this document to the plaintiff and noted that the advertisement had various inaccuracies. See Declaration of Nelson Tom Yew (DE# 48-2 at 3, 6/2/08). The advertisement incorrectly identifies the airline as "B.W.I.A. Airlines," a name that was not used by the defendants. Id. Additionally, some of the cities listed in the advertisement were not directly served by BWIA. Id.

Ms. Ammon's declaration similarly denies any communications with the plaintiff concerning payment on the $4 million contract and affirmatively states that she did not write the letter attached as Exhibit B to the Amended Complaint. Ms. Ammon worked in BWIA's Customer Relations Department. See Declaration of Catherine Ammon (DE# 48-4 at 1, 6/2/08). Ms. Ammon's primary duties were to address customer complaints, e.g. settling baggage claims or overbooking disputes. She was authorized to resolve customer complaints for a maximum amount of $500 and had no authority to request that a payment of $2 million be sent to the plaintiff. Id. at 1-2. Ms. Ammon reviewed the letter purportedly sent by her and attached to the Amended Complaint as Exhibit B. Ms. Ammon noticed various stylistic inconsistencies with the Exhibit B letter and the

8

business letters she routinely prepared. Id. at 2. For instance, the business letters prepared by Ms. Ammon contained justified margins, a salutation, a reference number and the name of the customer in the reference line. Id. The letter attached as Exhibit B did not have these characteristics.

The undersigned finds that the claims raised by the plaintiff in the Amended Complaint were objectively frivolous. The plaintiff's breach of contract claim is not supported by the facts. The basic element of a breach of contract claim is the existence of a contract. Beck v. Lazard Freres & Co., LLC, 175 F .3d 913, 914 (11th Cir.1999). The Court has already found by clear and convincing evidence that the documents submitted by the plaintiff evidencing a contract were fabricated. See Order Granting Defendants' Motion for Involuntary Dismissal with Prejudice (DE# 78 at 10-11, 1/13/09). The overwhelming evidence is that no contract between the plaintiff and BWIA existed. Mr. Yew, the person with whom the plaintiff allegedly agreed to the $4 million contract, denied entering into a contract with the plaintiff. See Declaration of Nelson Tom Yew (DE# 48-2 at 4, 6/2/08). Notably, Mr. Yew did not negotiate contracts on behalf of BWIA. BWIA's contracts were reviewed and approved by its legal department. Id. at 2. Additionally, the amount of BWIA's alleged contract with the plaintiff exceeded BWIA's worldwide annual advertising budget by $2 million. Id. at 3. Based on the overwhelming evidence that no contract existed, the plaintiff's breach of contract claim was objectively frivolous.

The undersigned further finds that the plaintiff knew or should have known that his claims against BWIA were frivolous and that no contract existed. The Court has

already determined that while it is unclear whether the plaintiff himself fabricated the evidence, it was obvious that the documents were fabricated. <u>See</u> Order Granting Defendants' Motion for Involuntary Dismissal with Prejudice (DE# 78 at 14, 1/13/09). The most troubling evidence in this case is the email (Exhibit 1) produced by Mr. Fabien following a search of Mr. Yew's computer. <u>See</u> Declaration of Simon Fabien (DE# 48 at Exhibit 1, 6/2/08). The undersigned compared the email produced from Mr. Yew's computer (Exhibit 1) with the email attached to the Amended Complaint (Exhibit A) and notes that the date and time of the plaintiff's original message and the email addresses of the sender and the recipient are exactly the same for both Exhibit 1 and Exhibit A. Similarly, Exhibit 1 and Exhibit A both show that Mr. Yew's response email was sent on Tuesday, January 27, 2004 at 11:46 AM from and to the same email addresses. Despite being sent at the exact time and from the same email address to the same receipt, the content of Exhibit 1 and Exhibit A are wildly different. There is no evidence that someone other than the plaintiff exercised control over the plaintiff's email account. The inescapable conclusion is that the plaintiff knew or should have known that no contract existed with BWIA and that his claim for breach of contract was frivolous.

     Because the plaintiff's reliance on fabricated documents to support his objectively frivolous breach of contract claim is sufficient to warrant sanctions under Rule 11, the undersigned does not reach the issue of whether the plaintiff committed perjury during his deposition.

## CONCLUSION

The undersigned finds that the plaintiff's claims against the defendants were objectively frivolous and that the plaintiff knew or should have known that these claims were frivolous. Accordingly, Rule 11 sanctions are warranted in this matter. The undersigned recommends that the instant motion be granted and that the defendants be provided with thirty (30) days within which to file an affidavit and documents supporting reasonable attorney's fees and costs.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that Defendants BWIA West Indies Airways Limited and Caribbean Airlines Limited's Motion for Rule 11 Sanctions (DE# 51, 6/23/08) be **GRANTED** and that the defendants be provided with thirty (30) days to submit affidavits and other documentation supporting reasonable attorney's fees and costs incurred from the date of the Amended Complaint, September 4, 2007.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S.

958, 109 S.Ct. 397 (1988); <u>see</u> <u>also</u>, <u>RTC v. Hallmark Builders, Inc.</u>, 996 F. 2d 1144, 1149 (11th Cir. 1993).

DONE AND ORDERED, in Chambers, in Miami, Florida, this **25th** day of February, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Seitz
All counsel of record

Jeff Benjamin, pro se
2462 SW 26th Lane
Miami, FL 33133