UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20017-CIV-SEITZ/O'SULLIVAN

JEFF BENJAMIN,

    Plaintiff,

v.

BWIA AIRLINES AND CARIBBEAN AIRLINES,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS AND GRANTING MOTION FOR SANCTIONS

THIS MATTER is before the Court on the Report and Recommendation [DE 79] ("Report") of the Honorable John J. O'Sullivan, United States Magistrate Judge. Judge O'Sullivan recommends that Defendants' Motion for Rule 11 Sanctions [DE 51] be granted because Plaintiff's ("Benjamin") claims were objectively frivolous and he knew or should have known that the claims were frivolous. (*See* Report at 9, 10, 11.) Benjamin filed objections [DE 80] to the Report, to which Defendants responded [DE 81]. Benjamin objects that the Report utilizes affidavits in violation of his Sixth Amendment rights because he did not have the opportunity to confront the witnesses testifying against him.[1] (*See* DE 80 "Objections" at 1-2.)

However, Benjamin's objections are unfounded because: (1) the Confrontation Clause does not protect litigants in civil proceedings, see *United States v. Ward*, 448 U.S. 242, 248 (1980);[2] and (2) in

---

[1] To support his Confrontation Clause argument, Benjamin appears to copy substantial portions of *Crawford v. Washington*, 541 U.S. 36, 50-69 (2004) and Warren Richey, *High Court Strengthens Right to Confront Accusers*, Christian Science Monitor, June 26, 2008. While, as explained below, the Confrontation Clause lends Benjamin no support in this civil matter, it is troubling that Benjamin fails to credit these sources, thus implying that his written objections are his original work.

[2] Benjamin also claims that, because the Court denied his right to confront witnesses against him, he was denied due process under the Fifth Amendment. This argument is without merit, however, because Benjamin cannot assert Confrontation Clause rights in this case.

1

addition to the Scheduling Order's ten-month discovery term, the Court provided Benjamin an additional 43-day period to depose witnesses and gather evidence with the express purpose of rebutting the affidavits proffered against him.  Having conducted a *de novo* review of the Report, the record, and Benjamin's objections and Defendants' responses thereto, the Report's summary of the facts is amply supported by the record and the legal conclusions reflect a correct application of the law to the facts. Therefore, the Court will overrule the objection and adopt Judge O'Sullivan's Report.

I.      **Discussion**

Benjamin protests that the Court failed to provide him the opportunity to confront the witnesses Defendants proffered against him. (*See* Objections at 1-2.) While the Confrontation Clause argument misses its mark because this is a civil case, see *Ward*, 448 U.S. at 248, Benjamin also neglects the fact that, in addition to a 10-month discovery period [DE 29], the Court granted him 43 days to proffer admissible evidence rebutting Defendants' affidavits for the purpose of allowing him to confront Defendants' affiants:

> At the July 31 hearing, *pro-se* Plaintiff indicated that he misunderstood whether he could prosecute his case once the Court dismissed Benjaminbooks & Production as a party and he wanted to confront Defendants' witnesses. To ensure there is a complete record on which to base the Court's factual findings and resolution of the pending motion, the Court will reopen discovery to permit Plaintiff to take and file with the Court by October 6, 2008 any relevant depositions conducted according to the Federal Rules of Civil Procedure and Rules of Evidence.

(*See* DE 61 at 5.)

Although Benjamin had the opportunity, there is no evidence that he made any attempt to depose Defendants' affiants. Indeed, after Benjamin requested an extension of the October 6, 2008 deadline, Defendants offered to arrange video depositions of their affiants to give Benjamin the opportunity to confront and cross-examine them telephonically or in person. (*See* DE 62, 65.) However, Benjamin ignored Defendants' offer and effectively withdrew his motion for extension, replying that he was "set

to meet" the October 6, 2008 deadline. (*See* DE 66.) Assuming Benjamin has Confrontation Clause rights in this proceeding, his argument that he was denied such rights is undermined by his failure to take advantage of Defendants' offer to depose their affiants. Benjamin, therefore, cannot now object to Judge O'Sullivan's consideration of Defendants' un-rebutted affidavits.[3]

## II. Conclusion

Based on the Court's *de novo* review, Judge O'Sullivan's thoughtful factual and legal analysis is well-taken and Benjamin's objections are without merit. A party cannot be permitted to misuse the judicial process, especially when his claim is frivolous and its only support is manufactured evidence. *Qantum Communications, Corp. v. Star Broadcasting Inc.*, 473 F.Supp.2d 1249, 1278 (S.D. Fla. 2007). Thus, the Court will adopt the Report. Accordingly, it is hereby

ORDERED that

(1) Magistrate Judge O'Sullivan's Report [DE 79] is AFFIRMED and ADOPTED.

(2) Defendants' Motion for Sanctions [DE 51] is GRANTED. Defendants must file affidavits supporting reasonable attorneys fees and costs no later than **April 23, 2009**.

DONE and ORDERED in Miami, Florida, this 23rd day of March, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge John O'Sullivan
Counsel of Record
*Pro-se* parties

---

[3] Benjamin appears to seek appeal of the Court's Order Granting Defendants' Motion for Involuntary Dismissal [DE 78]. (*See* Objections at 1, 25.) However, Benjamin's motion for appeal does not comply with the requirements for taking an appeal under Fed. R. App. P. 3, 4.